Howard T. Hogan, J.
Plaintiff in an action for money had and received, moves for judgment on the pleadings as to the first cause of action. It appears that plaintiff was the owner of certain unimproved land in Nassau County, within the Jericho Water District, of which the defendants are commissioners. It prepared a subdivision map with the approval of the Nassau County Planning Commission, and in 1953 entered into a con *66 tract with the defendants whereby it authorized them to advertise for bids to install and lay water pipes and mains in the subdivision and to contract with the low bidder for this work, all on its behalf. Pursuant to the terms of said contract, plaintiff deposited with defendants the sum of $6,921 to cover the cost of installation, engineering and legal fees, and an additional $2,000 in the nature of a loan, ‘ ‘ toward the cost of implementing the district well supply and storage, which sum is computed on the basis of $100.00 per service for the 20 services required ’ It further gave title to such pipes and mains to the board, and created a permanent easement for them over its lands.
The board agreed to refund the aforesaid deposit of $2,000 to the plaintiff in 15 annual equal installments, without interest.
The installation was completed and in 1955 the board refunded to the plaintiff the sum of $279.22, representing the difference between the $6,921 deposit and the actual cost of installation.
Plaintiff now repudiates this contract and in its first cause of action demands the return of the entire $8,641.78 on the ground that the defendants had no power to exact it, since all such expenses must be apportioned throughout the entire district upon an ad valorem basis. It seeks treble damages in its second cause of action because, it is alleged, defendants’ conduct amounted to duress.
It is plaintiff’s contention that defendants’ powers are circumscribed by sections 199 and 202 of the Town Law. The latter statute provides that the expense of constructing water mains, when a petition therefor has been filed as provided by section 199 (subd. 1, par. [a]; subd. 2) shall be borne by local assessment upon the parcels of land which are especially benefited by such improvement, and there shall be collected so much from each as shall be in just proportion to the amount of benefit derived.
Defendants advance four defenses. First, they point to the consequences if plaintiff succeeds, since the particular practice here followed is widely indulged in throughout Nassau County. The financial burden which would suddenly be thrust upon all such water districts at this late date would be intolerable. Further, plaintiff has already recaptured its investment by including it in the purchase price of the homes which it built and sold. Not only would it be unjustly enriched by this double recovery, but these home owners, having already paid for the cost of the pipes, would now be forced by taxation, to participate in the refund to the plaintiff.
Second, if the contract be declared void, then title to the pipes would revert to the plaintiff. Thus it would have them com *67 pletely cost free, and under this circumstance, an action for money had and received will not lie.
Third, this claim is barred by section 65 of the Town Law which provides that any action against a town arising out of a contract, shall be commenced within 18 months after the cause of action has accrued, or by section 67, which provides that an action against a town for damages for wrong or injury shall be commenced within one year. Defendants argue that they are merely a territorial subdivision of the Town of Oyster Bay, and are merely administrative officers of said town.
However, section 255.4 of the Nassau County Civil Divisions Act (which, insofar as it may be inconsistent with the Town Law, prevails) clearly states that the Board of Commissioners of every water district in the county of Nassau may be sued as the board of commissioners of the district, and that judgment may be entered against them. The aforesaid limitations of time have not been written into this law.
Finally, they argue that the power to make this particular contract was expressly conferred upon them by that same section 255.4 of the act. It provided as follows (L. 1939, ch. 273; L. 1949, ch. 270):
“ Powers. The board of commissioners of every water district in the county of Nassau shall have the following powers in addition to all other powers now or hereafter conferred on such board by any general or special laws: * # *
“(c) Shall have the power to make any and all contracts for district purposes, including contracts with developers of subdivisions for the installation of a system of water mains and hydrants in such subdivisions and for the purchase of water supply pipe lines, materials and appurtenances, except that contracts for improvements to the facilities of the district and for the construction or extension of water mains and for the increase, improvement or reconstruction of the facilities of any part of the existing water supply system, shall be awarded in the same manner and upon the same notice as provided for the award of contracts by the town board in article twelve of the town law, provided, however, that the board of commissioners shall not incur any indebtedness nor contract any obligation in excess of the amount provided in the annual estimate and for which a reserve has been provided out of water rents or for which a tax or assessment has been previously levied upon the district, except pursuant to petition by the board of commissioners to the town board for funds to be made available pursuant to the local finance law. Nothing in this subdivision shall preclude the board of commissioners from making such *68 improvements and constructing such mains with the labor and materials of the district.”
Is the broad language of this statute sufficient authorization to the defendants to enter into the contract in suit! It is a well-established rule of statutory construction that the intent “is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and the remedy in view”. (1 Kent’s Comm. 462.) Courts must 1 ‘ read the statute in the light of the state of facts which were found by the Legislature, and which prompted the enactment.” (St. Nicholas Cathedral v. Kedroff, 302 N. Y. 1, 31.)
Accompanying the bill which in 1949 became the law now under consideration, addressed to the Governor’s Counsel, was a letter by the county attorney of Nassau County, who had assisted in its drafting. It read, in part:
“ In a county developing as rapidly as Nassau County, such problems are multiplied many times. Numerous farms and large estates in said county are being developed into residential communities. Such rapid development requires that the boards of commissioners of water districts in said County of Nassau be in a position to handle the problems which are presented to them in an efficient and practical manner.
“ The proposed bill applies to Nassau County only, and is intended to provide a more expeditious method of making improvements in the water districts and to increase the powers of water commissioners sufficiently so that the boards may function more efficiently and practically.”
A letter of this nature should be considered by the court and given whatever weight it deserves (Matter of Pink [Walladmoy Realty Co.], 179 Misc. 46; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 423).
It is common knowledge that immediately following the termination of the last war, Nassau County was enveloped by an unprecedented building boom, accompanied by a tremendous growth in population which has continued without noticeable diminution to the present time. There are many instances where school districts which had been stable for years, were faced with population increases of 500% and more, within a matter of months. State and Federal emergency aid for new construction was made available to them, without which their tax rates might have become insupportable. Water districts faced the same problem. Some of them consisted principally of farmland, with relatively few homes and low assessment rolls. If at the outset these few farmers and home owners initially had to finance the cost of improving the lands of newcomers, developers *69 with plans for hundreds of low or moderately priced homes, the result would have been chaos.
The court conceives this problem to have been the motivation behind section 255.4 of the Nassau County Civil Divisions Act. Read in this light, ‘ ‘ the power to make any and all contracts for district purposes, including contracts with developers of subdivisions for the installation of a system of water mains and hydrants in such subdivisions and for the purchase of water supply pipe lines, materials and appurtenances ” seems to encompass a contract such as the one between these parties, particularly since the improvements for which they contracted were of benefit solely to the plaintiff, and not to the district as a whole.
The loan of $2,000 for 16% years, without interest, for the express purpose of implementing the district well supply and storage, is another matter. This is not properly a part of a contract with a developer for the extension of a water system to his property, but rather appears to be an assessment against a particular property for the benefit of the entire district. Not only is this not included within the grant of power to the board, but its inclusion would be unconstitutional and void. Such improvements as were contemplated must be financed by an ad valorem tax upon the entire district. Borrowing money in this manner appears to be clearly ultra vires.
Judgment on the pleadings may be rendered by the court as to a part of a cause of action (Civ. Prac. Act, § 476), without regard to which party makes the motion (Rules Civ. Prac., rule 112). Accordingly, judgment is granted to defendants dismissing that part of plaintiff’s first cause of action which seeks the return of the actual cost of the installation of the water mains, paid under its contract, and to plaintiff as to that part which seeks the return of the $2,000 loan.
Settle judgment on notice.